We'll hear argument first this morning in Case 14-1132, Merrill Lynch, Pierce, Fenner & Smith v. Manning. Mr. Hacker. Mr. Chief Justice, and may it please the Court. In language that differs distinctly from the arising under language of Section 1331, Exchange Act Section 27 confers on the Federal courts exclusive jurisdiction over all suits brought to enforce any duty created by the Exchange Act and its regulations. That language establishes a straightforward test. The Federal court has exclusive jurisdiction if the suit is brought to enforce Exchange Act duties, even if the suit is also brought to enforce State law duties. In particular, the words brought to enforce focus on what the plaintiff itself wants the court to decide, not on what the court would necessarily have to decide, as 1331 has been read to require. By applying the 1331 test, the Third Circuit not only ignored Section 27's distinct language, but also its distinct policies, which strongly disfavor State court adjudication of Exchange Act duties, and thus are exactly the opposite of the policies favoring State court adjudication that underlie the Jackson-Pollock canvas this Court has painted over Section 1331. Respondents, however, begin not with the necessity rule derived from 1331, but with a much more aggressive position that section 27 only creates jurisdiction over causes of action created by the Exchange Act itself, and thus categorically bars jurisdiction over State-based causes of action like those asserted here. Alito. Alito. Alito Does your test depend solely on what is alleged in the complaint or what might be proven under a more generally worded complaint? Suppose the complaint in this case made no reference to any Federal regulations, but I'm not that familiar with the pleading rules in New Jersey, but suppose they would – it was, you know, no displeading, and so there's no reference to the regulations, but they sought to prove their case by arguing that the New Jersey – the rule in New Jersey should be the same as the Federal regulation, would that fall within your test? Horwich, The way you put it at the very end, the answer is no. If the rule in New Jersey is the same because it's the rule in New Jersey, then that would not be seeking to enforce an Exchange Act duty. The answer to the first part of your question is yes, which is our test does look at the allegations on the face of the complaint. Is the complaint, as pleaded, seeking to enforce a duty created by the Exchange Act? Ginsburg So they could amend the complaint and then we wouldn't be here because they could amend the complaint to say that we're suing under New Jersey law, and New Jersey law mirrors the Federal law as a matter of New Jersey's choice. Horwich, The way I would put it is we wouldn't have been here if they had written that complaint to start with, but because removal – jurisdiction is tested at the time of removal, if they amended their complaint now, it wouldn't change the fact that there's Federal jurisdiction based on the face of the complaint at the time of removal. Kennedy Well, is the Court obligated to do a search of all Federal laws and regulations to know if this complaint might have a Federal cause of action? Horwich, No. That's why it's important to look at the face of the complaint. This complaint exemplifies the kind of complaint that triggers section 27 jurisdiction because of the point you said. Kennedy Let me ask you this. Let's assume, as Justice Alito assumed, that New Jersey is the same as the Federal system, no displeading. Can you just tell me, as a matter of practice, do most complaints set forth the Federal statute under which they're not 1331, but the specific Federal statute that creates the duty, or do they just allege the duty? Horwich, Most complaints, I mean, sure, it depends on the jurisdiction, but certainly in my view. Kennedy Let's say just under notice, pleading on the Federal standards. Horwich, They would almost certainly set forth the statute under which they're pleading, they're identifying the duty, so that the Court understands what the nature of the claim is. That's very common, precisely because you don't want the Court to go looking around for the cause of action, especially after Twombly and Iqbal. Scalia But they don't have to do that, as I understand your case. They don't have to explicitly refer to the Federal statute. Horwich, That's right in a limited sense that I think this Court would recognize and has recognized an artful pleading doctrine where, for example, if you use this as such, but were clearly, unambiguously pleading violations of its requirements with the same capital L, locate, capital C, closeout requirements, you would unmistakably understand the complaint to be based on violations of the Act, of the Exchange Act regulation, seeking to enforce those duties. Then, sure, the fact you didn't cite it wouldn't change the fact that you're seeking to enforce those duties. Scalia That imposes quite an onerous task upon the Federal district court, it seems to me. You have to sift through the complaint and see if any of the claimed causes of action under State law mirror a cause of action that happens to exist under Federal law, without even the hint that they mention the Federal statute. Horwich, Well, that only goes to the question in an artful pleading situation, which this case doesn't present and would be, you know, the next, third, fourth, fifth case down the road. But certainly the defendant, you know, who moves or seeks jurisdiction, the party seeking to establish jurisdiction, would have to identify for the court the defendant's theory as to why the complaint seeks to enforce Federal duties. So it's not like the judge has to do it him or herself. But all of these are hypothetical questions. We're talking about a complaint here that unambiguously seeks to enforce duties prescribed by regulation. Sotomayor I just don't understand how. Meaning, under Pan Am, we looked at the operative paragraphs of the complaint, not the general pleadings or background. We looked at what remedies were sought to determine whether you were looking to enforce the law. Each of the causes of action here are under State law. How is that seeking redress under Federal law? Horwich, A couple of points. First of all, Pan Am was a well-pleaded complaint rule case. The Federal issue didn't appear on the face of the complaint. So this Court correctly, applying the uncontroversially, applying the well-pleaded complaint rule, read the complaint, took it for what it said. Sotomayor So it looked at the operative paragraphs. Horwich, A Right. Sotomayor So the operative paragraphs here are the causes of action. Horwich, A But then turning to this complaint, the Court looks at the causes of action, each of which obviously incorporates, explicitly incorporates, all of the prior conduct alleged as the basis for the violation of the cause of action. And the prior allegations and the causes of action themselves, the causes of action themselves are all about what the complaint, the Respondents describe as illegal short-selling. That's what causes, that's what makes unjustment in rich. That's what makes the interference with contract tortious. That's what makes, is negligent. That's the breach of the duty, is to do, find a locate. So where in the complaint do we find? Sotomayor Without the Federal law, would there be a duty under State law not to short-sell? Horwich, A Not under this complaint. The complaint identifies. Sotomayor Please go back to answer my direct question. If there were no Federal law. Horwich, A There is, the answer is no. The Third Circuit itself said there is no analog under New Jersey law to regulation show. Nothing. Zero in New Jersey law. Not a statute, not a regulation, not an administrative guidance, and not a common law precedent that says that there's a locate. Roberts, New Jersey law certainly prohibits fraud. So are they doing anything more than saying we think this constitutes fraud? This being what the violation, what you say is the violation of the Federal law? Horwich, A What they're saying is fraud, or is tortious interference, or is negligence, or is unjust enrichment, is the failure to get a locate. The complaint isn't ambiguous about this. The complaint explains what a locate is. It's prescribed by regulation show. Roberts, New Jersey law So do they just have to expand their allegation and say, okay, we're not going to call it a locate, but we think it's fraud when you're, you know, short-selling this, and you're supposed to have, and you haven't borrowed this much, blah, blah, blah. In other words, just creating a parallel duty, which I understood you to tell Justice Alito, that would be okay. They said they're using a shorthand, the locate. Is that all the only difference? Horwich, A Well, they're definitely not just using a shorthand. They're very explicit about it in defining locate, capital L. That is the gravamen, to use the phrase from this morning's decision. That is the, no matter how packaged, that is the gravamen of the suit here, is a complaint about failure to get locates, which they say is not the case here. Ginsburg But why isn't this just like, there are many, many instances in which there is a State claim, a State claim for negligence, and the negligent conduct is alleged to be violation of a Federal safety standard. So it's all about whether the Federal safety standard was violated, but the claim is a State claim for negligence. You wouldn't say that that is a claim that has to be brought in Federal court. Horwich, A Well, but the language of this statute is different. That's the key. In this Court's Moore decision addressing a rising under, under 1331, the Court addressed exactly that situation. It was precisely that situation. The State of Kentucky made it negligence per se to violate the Safety Appliances Act. And this Court says, and it used the exact phrasing that became section 27 when it said the State negligence per se statute incorporated the duties prescribed by the State were seeking to enforce the duties prescribed by the Act. Kennedy So in your view, you have to, if this Court finds that the section here, section 27, is the same as a rising under, you lose? Horwich, A Well, no, but for a different reason. We do think it's actually necessary and the Third Circuit erred in that respect, but that's not the question here. The question here, and we think it's perfectly clear that the complaint actually they can't prevail under State law unless they establish that Reg Show is violated. But our point is that Ginsburg I'm sorry, can we go back, because I'm not sure I understood your answer to my question. Are you saying that if a State adopts a violation of a Federal safety standard as constituting negligence, that that claim arises under Federal law? Horwich, A Not that it arises under Federal law, but that a suit under that State standard that says it is a violation of State law to violate Reg Show. For example, if New Jersey law said it is a violation, it is a, you know, the statutory tort to violate Reg Show, if that was the statute and you brought a suit under that statute, you were seeking, and it was seeking to enforce the duties created by Reg Show. That's why this language is different from a rising under, because the suit like that clearly. Kennedy What's the answer to Justice Ginsburg's question? Horwich, A Not It would not necessarily be, it would only be a suit arising under if it was necessary, but under this language, it would be a Federal court action because that suit would be a suit seeking to, brought to enforce duties created by Reg Show. Kennedy I don't understand necessary for what? Horwich, A Not I'm sorry? Kennedy You said it would be only a suit if it were, a Federal suit if it were necessary. Horwich, A Not I'm sorry. It would only be a rising under action under 1331. That would be, that's a different statute, a different jurisdictional statute. Under that statute, to be clear, that's not the one we're talking about. Under 1331, this Court has held since at least the Smith case that a State, an action brought under a State law can be in State court, even if it's a State cause of action, if resolving a Federal issue is necessary to resolve the State cause of action. That's 1331. This statute is markedly and meaningfully different, because it doesn't turn on whether it's a rising under what the cause of action is. What it turns on is what was the suit brought to enforce. If it was brought to enforce a duty created by the Exchange Act. Kagan Mr. Hacker, just looking at the language, I mean, I understand your interpretation of it, but it seems to me that there's, you know, a just as good interpretation which says the opposite. In other words, you know, what does it mean for a suit to be brought to enforce a liability in the kind of circumstance you're talking about? In the circumstance you're talking about, the suit is brought to enforce State law. Now, it's true that State law might look to Federal law, State law might incorporate Federal law in certain ways, State law might have some kind of relationship to Federal law, but what's the suit brought to enforce? The suit is brought to enforce State law. Fisherman A couple of points, though. Remember, the statute doesn't say is the suit brought to enforce State law. Kagan It's State liabilities. Fisherman It's also not said brought to enforce State liabilities. It says brought to enforce State liability or, excuse me, brought to enforce liabilities or duties created by the Act. If it were liabilities alone, this might be a different case, because the Exchange Act creates liabilities by its own terms, and an action brought to enforce Exchange Act liabilities, basically remedies, would be, as I say, that might well be a case that would only be brought under the Exchange Act. But when they added the words or duties, clearly they're addressing the same kind of problem that this Court addressed in Moore when the States, which was an emerging issue at the time, when States were incorporating explicitly, not just generally looking to, but explicitly incorporating Federal duties into State law and plaintiffs were bringing State causes of action for negligence, saying that you would say that's a duty created under this chapter. Fisherman Right. The reg show in this situation is a duty created under State law. Kennedy But why isn't it created under State law as well? Fisherman Because the cause of action is created in State law. State law says it is a violation of State law to violate a duty created by Federal law. State law doesn't itself care about the content. It's incorporating. It's saying we leave to Congress, we leave to the SEC, whatever the regulatory body is, the content of the law, and we just say that you can have a cause of action under our State procedures if you violate duties created by Federal law. That's the situation. Scalia I think that's sort of ambiguous in the statute. Let's assume you have a State statute and a Federal statute, both of which impose the same duty, okay? And someone brings a suit only under the State statute, does not even mention the Federal statute. As I understand your case, you would say that that person is suing to enforce a duty under Federal law. I would not say that. I would say that person is seeking to enforce the duty that State law creates, not the one that Federal law creates. Fisher And I agree with you. Our argument is not. If there are literally parallel State duties, the State says if New Jersey tomorrow or, more importantly, years ago, had promulgated its own reg show and had its own locate requirements, its own closeout requirements, and there was a State cause of action saying you violated the New Jersey reg show and you caused us injury, we wouldn't be here. There might be a preemption argument that the State can't do that, but that would not trigger section 27 jurisdiction because you're clearly seeking to enforce a New Jersey duty. You would have no case if New Jersey passed a law saying, as a matter of New Jersey law, we hereby adopt, you know, everything under the Securities Exchange Act, including in particular regulation SHO. That is State law. We're following the Federal law because, you know, we think it's easier to do that than write up our own securities code. That's fine with you? Fisher No. That's a different case because there, New Jersey isn't making its own politically accountable decision. Roberts Yes, it is. Roberts It's saying wherever it says Federal law, just strike that and put in New Jersey law. They can do that. They can adopt whatever law they want, source of law they want. Even though it's precisely the same at the same level of detail, you have to say under your theory that if you sue just under the New Jersey law, that's okay. Fisher I don't think so, Your Honor, because there, New Jersey is leaving to Congress and the SEC to decide what the law is. The duties are always, under that structure, the duties are always created by Federal law and then incorporated by the law that says we'll do whatever the Federal law says. Roberts Right. Fisher The duty is created by the SEC, by the Exchange Act and its regulations. Roberts No. The duty under New Jersey law is passed by whatever statute they enact saying we, us too, we want to do it as well, as a matter of New Jersey law. Fisher But they can do it separate. They can establish their own independent duties. But when they consciously choose not to create an independent duty, but to say that we're going to, literally in the hypothetical you're adopting, they're literally saying we're incorporating the Federal duty. And in that situation. Roberts As New Jersey law. Fisher Right. But that's still seeking an action under that law would still be seeking to enforce a duty created by the Exchange Act and its regulations, you know, albeit incorporated into State law. But what's the difference? Kagan Then you're going to be in a situation where the judge is going to have to try to figure out whether State law exactly mimics Federal law or whether there are minor deviations from Federal law. And that can't be a good jurisdictional test, can it? Fisher Well, all jurisdictional tests will have, you know, challenges at the margin. Kagan I don't think this is a marginal question. I think it's kind of a, you know, pretty ordinary question of like, well, what is the State law doing? Is it exactly, lots of State laws exactly mimic Federal law, and lots of them don't. Fisher I think in practice there is quite a clear margin, because States make different choices in this. If a State wants to say, as plenty do, that we are just in hyc verba incorporating the Federal standard, then you, the duty is created by the Federal standard and becomes enforceable under State law, but the duty still is created by Federal law. States make other clear, distinct choices where they say we are going to have a fraud law, we are going to have our own securities laws. New Jersey has its own securities laws. It could, if it wanted to, adopt a reg show. Alito Why couldn't the New Jersey Supreme Court say this is our interpretation of a provision of the New Jersey Uniform Securities Act with respect to short-selling, this is what it means, and without ever referring to reg show, adopt basically the same or exactly the same rule that is incorporated in that regulation? Would you say that then an action under that provision of the New Jersey Securities Act would be one seeking to enforce a Federal duty? Fisher I think that would be a different case where the State is saying, you know, this seems like a pretty good rule. We are going to adopt it because we like it, adopt it independently as our own rule, and in any future case, they might do something different. As happened in the very New Jersey case the Third Circuit cited for the proposition that New Jersey law sometimes differs from Federal law. It can't, but here the complaint, I'm sorry. Roberts The only one who benefits from that are printing companies. You say they can't say we adopt regulation SHO as New Jersey law. They have to actually go ahead and reprint everything that SHO says, and then it's okay. Fisher Well, no. It definitely is a politically accountable choice if the New Jersey, you know, wants to go to its, the people of New Jersey and all the interested parties and say we think we don't like the way the SEC has balanced the many competing interests involved in regulating the market for, in this case, the electronic market and short-selling in the United States. We want it done differently in New Jersey. And all of the competing interest parties can come and talk to New Jersey about whether they should do it that way or not. Scalia What if the State law says, and I'm not sure this one doesn't, what if the State law says we are adopting the disposition of the current regulation in, you know, in 2015, all right? That's all it says. So if that regulation changes and Federal law changes, State law would not change. What happens in that situation? Fisher I mean, that would be an unusual way for a court to conduct itself, but if a court did that. Scalia Why? Why? Why? Fisher Well, I've never seen it before. Scalia The court likes this regulation. It doesn't know what this kooky SEC is going to do in the future. This regulation is okay. So they put that, they put that into State law. Fisher I think that's right. If the court said and made it clear that this is, we find as a matter of New Jersey fraud, that under New Jersey fraud law, if you don't get a locate in accordance with SEC requirements. Scalia Current SEC requirements. Fisher Yes. And that could change. And it's clear that it's an independent, independently created duty. But none of this is at issue here. Sotomayor That's what the court is going to do when it hears this action? Fisher I'm sorry? Sotomayor Isn't that what the State court is going to do when it hears this action? There's nothing about the alleged causes of action. They allege theft and fraud. So they're going to have to prove theft and fraud under State law as defined in the sections that they've cited. Fisher But, well, they also allege unjust enrichment and negligence. Sotomayor All of that.  Sotomayor Okay. Now, that might be something you can object to at trial if they try to say State law is the same as Federal law and can't prove it. You then appeal that decision if it's wrong. If State law is different, you prove it's different. I'm just not sure what that has to do with the well-pleaded complaint. They are saying this is a duty that arises under the theft and fraud provisions. Sotomayor Of New Jersey's Uniform Securities Act. Fisher Right. You won't see that sentence anywhere in this complaint. It doesn't exist. What this complaint says is in paragraph 24, it says that illegal short-selling is short-selling that, quote, violates securities laws and regulations. That's what they're complaining about. Short-selling defined as something that violates securities laws and regulations. Scalia Surely they mean the current regulations, right? And you've just told me that if the State law applies only to the current regulation, it is not adopting Federal law, right? So this complaint is referring to the current regulation. How do you know it's referring to that regulation as it may change in the future? Fisher Well, it's referring to past conduct. So it's saying what you did injured us because you violated the regulation as it exists today. You committed this illegal short-selling. You didn't get locates as they think the SEC would require. Scalia Because that regulation is a good regulation and it ought to be New Jersey law. But if that regulation changes, we don't say that it ought to be New Jersey law. Fisher Let me try an exercise. If you eliminated, all of this suggests that you could just as easily eliminate all of the references to Reg Show, all of the references to capital L locate, capital C closeout, and their complaint would just proceed the same way it would. And we know that that's not true, because they've got no source. If they have a complaint like that that just says this is fraud, this is tortious interference, we're unhappy about it because you didn't short-sell the way we wish you would, they would have literally nothing in New Jersey law to cite to the film. Breyer They'll lose under New Jersey law. They've brought a claim. Look, is it necessary? There's a Federal issue. The Federal issue is whether what they've done violates Regulation Show. They don't say that anywhere in the complaint, not even in paragraph 24, which you cited, I read. It's just background. They don't say anything about it. But is it necessary, is it necessary for them to prevail that they prove a violation of Regulation S.H.O.? Fisher We think it is, but that's not the question here. Breyer I didn't ask you that. I asked what you thought. Fisher We think it is necessary. Breyer You think it is necessary. Fisher But, fine. Breyer Fine. That's all I wanted to know. Now, they presumably think it isn't necessary. Okay? So if it is necessary and you're right, then this case should have been brought under 1331. But it wasn't. And we're not deciding that. So since we're not deciding it, we have to assume that it is not necessary. Okay? If we assume it is not necessary, if we assume that the conditions for 1331 are not met, and therefore it doesn't get into Federal court for that reason, why would anyone want a case like that in Federal court when the States want to adjudicate it? Fisher Because Congress wanted it in Federal court. Breyer And what is the evidence that Congress wanted that? Fisher The language of the statute. Breyer And all you're left with is you say, read the language of the statute, don't look to the purpose, don't look to surrounding, don't look to the surrounding rules of law, which actually make very little necessity for this to be in Federal court, and don't look to anything else. You have your language. And I agree you have the language. Fisher No, I'm sorry, but I can't. Breyer You have the language. I'm not saying you're going to win on the language. Fisher No, but I couldn't disagree with you more. Breyer Okay, go ahead. Fisher The language, first of all, I think is unambiguous in our favor, but we absolutely believe the objectives and purpose are uniformly in our favor, because what you know, if nothing else, about Section 27, is that Congress, unlike all of the other jurisdictional statutes that use decidedly different language, Congress here did not want State courts to adjudicate duties created by Federal courts. Breyer So why isn't the SEC here? I mean, the SEC makes its own decisions, and I certainly think this Court cannot decide a case based not least on what the SEC hasn't said. Fisher Sure it is. Breyer Right. That's for the SEC, but we would not, I think, construe a statute based on the absence of the SEC. Ginsburg You are relying on a different language. This is not arising under the special language in Section 27. And we have a brief, it's a public citizen brief, that says, well, this is, this Section 27 is not unusual. It lists about, what is it, some ten other statutes that are phrased the same way. Fisher Right. Ginsburg So with respect to every one of those statutes, public utilities holding company, Federal Power Act, Connolly Hot Oil, the same argument would apply to those statutes. Fisher Those are all similarly narrowly prescribed statutes, and as the public citizen itself indicates, those were enacted mostly in the New Deal era when we know, if anything, Congress was looking to expand opportunities for plaintiffs to get into Federal court. And it wouldn't be surprising at all that New Deal statutes would favor Federal court adjudication of Federal duties. Kagan And you think that we can reach that interpretation even as to the Natural Gas Act, consistent with Pan American? Fisher Yes. Pan American was purely a well-pleaded complaint rule case, and the footnote that the other side relies on, referring to a rising under, was simply saying the fact that they use different language doesn't change the fact that the well-pleaded complaint rule applies, as it does on its face. Brought to enforce requires the Court to look at the face of the complaint. I would like to reserve my time. Roberts Thank you, counsel. Fisher Thank you. Roberts Thank you, Mr. Chief Justice. And may it please the Court. It is well settled that jurisdictional statutes will not be interpreted to intrude on State judicial authority unless Congress makes its intention clear. Petitioners ask this Court to interpret section 27 of the Exchange Act to strip State courts of jurisdiction to decide State law-created claims when such claims have already failed the Grable test. There is no indication that Congress clearly intended such an unprecedented intrusion on State court authority. Kagan Why do you think, Mr. Stris, this different language was used in these ten statutes? Fisher So my best answer is to mirror essentially what Aramiki Public Citizen and the State securities regulators have said, which is at the time that certainly the 33 Act and the 34 Act were passed, the Federal question statute had an amount in controversy requirement. Now, I understand that my friend, Mr. Hacker, points out in his reply that there is a current statute, 28 U.S.C. 1337, that was enacted in 1948. It had a predecessor statute, 28 U.S.C. 418, that was enacted in 1911, that removed the amount in controversy requirement for cases involving interstate commerce. And one would think, because it's the case today, that that would apply to securities. But as best we can understand from our research, in the years that are relevant, 1911 to the time of the 33 Act and the 34 Act, it was not interpreted that way. So there was essentially an amount in controversy requirement for securities cases. So I think if I were to attribute to that. Ginsburg But the amount in controversy wasn't very high, and wouldn't most cases of this character easily meet it. I don't know that that's true, Justice Ginsburg, but more importantly to your question. Ginsburg Because it was $3,000 or something like that? Or even less? Well, if we're attempting to ascertain why Congress would choose to use this language instead of other language, I would submit that any amount in controversy requirement if they felt they didn't want that for purposes of Federally created claims. So this is going to segue into my first point. We think the most natural reading of Section 27 is as a creation test. And so if that's what Congress would choose to use. Scalia $3,000 is probably a lot of money today. I'm sorry? $3,000 is probably a lot of money today. Well, I don't – I – I – I – I – Would you like to have $3,000, 1934? Yeah. I don't want to get into any debate. That's a yes or no question. I would like any money that anyone on the Court or in the courthouse would like to give me, and I'll be taking collections after the argument. But if your answer is correct, why do they need to use the term exclusive? Why don't they just say there is jurisdiction in Federal court? That doesn't explain the use of the word exclusive. No, no, but I think it does. So this particular statutory language is found in 11 statutes. In some of them they use the term exclusive jurisdiction, in others they did not. What follows exclusive jurisdiction is essentially a creation test, which I'll explain in a moment. The fact that they chose to confer exclusive jurisdiction here just means that when there was a cause of action that was created by the Exchange Act, they wanted it to be in Federal court. So let me get to the spirit of the answer, which is why I think that there's good reason to believe that exclusive jurisdiction in the statute is limited to causes of action that are created by the Act itself. So my friend, Mr. Hacker, concedes, I think reasonably, that if someone sues under a parallel State duty, that that is only a duty under — that's a lawsuit that's brought to enforce only a duty under State law. I was pleased to hear that, because I think that is the most natural reading of the language. Our position is that the result is no different if a State accomplishes the same thing through the expedient of incorporating or referencing Federal law. And I want to be clear on this point. Our position is not that the plain meaning of the statute compels that interpretation. I will be the first to say that one could theoretically read the language brought to enforce a liability or duty created by the Act or its regulations the way that my friend suggests. One could. But I think it starts to break down and not really make much sense if we look at what's missing from Section 27. Here's what's missing. There's no Federal jurisdiction over Exchange Act counterclaims, which means that State court — I'm sorry, over Exchange Act counterclaims. So that means that Congress was willing to have State courts adjudicate claims that were created by the Act itself. There's no exclusive jurisdiction over Exchange Act defenses, and most notably that would include preemption. And in the mine run of preemption cases, and I'm going to get to this in a little bit, not only is the State court determining what the Exchange Act says, but it's doing it for the purpose of assessing whether there's a conflict between State and Federal law. It's really important that those two things are missing from the statute, because I find it very difficult to believe that a Congress that was not concerned about State courts adjudicating those cases somehow would be very concerned about a State court adjudicating a State law-created cause of action that happened to implicate a Federal duty or liability. When we look at the language and we take it in context, I think it just doesn't help much. Alito, Congress must have had in mind a certain category of claims that it did not want adjudicated in State court, correct? I agree. All right. So you seem to be saying that the category of claims it did not want adjudicated in State court are only these, those in which the plaintiff is asking for the enforcement of a Federal duty, and there is no comparable State duty at that time, and the State court is unwilling to recognize a comparable State duty in the context of that litigation. So these are essentially cases in which the State is basically hostile to the Federal duty, and those are the only cases that Congress did not want to have adjudicated in State court. Am I right? Have I gone wrong in that? I don't think you've gone wrong, but I think that that position is firmly supported by history, if we look at the context, and let me explain what I mean. So at the time the Exchange Act was passed, there were only three express rights of action, and they were very minor. There was no private right of action under 10b. There was a market manipulation of a 9a, short swing profits, and a third one that I don't recall. So if we look at the context, we have a history of States regulating securities. We have a parallel provision in the Exchange Act, section 28, that this Court in Matsu Hisa acknowledged expressly endorsed the fact that States were going to continue to regulate. So I think the Congress that passed the 34 Act was thinking the following. They were thinking we have a very narrow window of claims that are created by this Act, and for those, a 9a straightforward market manipulation claim for wash sales. We don't want State courts adjudicating those, because those are very technical. We want exclusive jurisdiction over those claims, and I think that's the extent of what Congress intended in passing this provision. Now you have brought this claim specifically to enjoin violations of this show regulation. So that's your complaint. Court, please enjoin the defendant from violating show. Well, I think as a factual matter, Justice Ginsburg, that couldn't happen because the conduct would have already occurred, but I won't resist the hypothetical. I think the hypothetical you're asking reveals the most difficult part of our plain text interpretation, which is assume a State statute that seeks to enjoin what is only a federally created duty. I don't know that that would come up, but it could theoretically. Our position would be that that is still best interpreted as a lawsuit brought to enforce a duty or liability created by State law, because the State has decided by reference to have the duty being don't violate the Federal standard that you would get the injunction for. And I think in the real world, what we're seeing are, at best, States that are creating parallel provisions that incorporate duties and liabilities merely because it's an expedient. And so I think that, I guess, before I move on, you know, administrative simplicity is a major virtue in any jurisdictional statute. I know the Court has said that before. Without any strong evidence to interpret section 27 as anything other than a creation test, I think that's the best result.      Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. In other words, Mr. Hacker has a certain characterization or description of your complaint and the role played in your complaint by the regulation. So if you had to describe your complaint, and particularly, what role does this regulation play in your claims under State law? I understand, Justice Kagan. So I think there's been some misunderstanding of what we're alleging. We are not relying on Reg Show for any theory of liability, and here's why. We are bringing a straight-up market manipulation claim. And what that means is we're suggesting that the naked short-selling that happened was not just a technical infraction, not just a technical violation of Reg Show, but was done with the purpose of depressing sales prices, the price of the security. That's an analog to a 10b-5 action. And so if we look at paragraph 30 of our complaint, this is on pages 53a to 54a, we make clear that the relevant provision of New Jersey law is substantially similar to the Federal securities law. We're referring to 10b. When the Uniform Securities Act was promulgated in 1956, Section 101, which New Jersey adopted, mirrors 10b. If you're going to bring a claim under Federal law, you're not suing under Reg Show. Manipulative short-selling existed well before Reg Show. It's a standard. You're basically saying someone is taking a short position. They're injecting inaccurate information into the market because they have taken a short position, and normal supply and demand would bear, given the size of the public float. They've chosen to do that because they think it's going to drive prices down and they're going to make more money. You don't need to prove all of that to get a violation of Reg Show. Reg Show was enacted by the SEC because this was a problem. What Reg Show does is it allows the SEC to take enforcement action and to find people that engage in conduct that is likely to constitute market manipulation. The point of it is not to punish market manipulation. The point is to try and stop people from doing it in the first place. To put it differently. Roberts. Roberts. Roberts. Yes, but there are parts of your complaint that go in much greater detail and focus on the Federal rules. Paragraph 33 says, you know, as set forth in detail herein, the defendants violated the trading rules and regulations requiring that they actually deliver the shares they owe to the DTCC to settle short sale transactions. That's a duty imposed by Federal law. This is a very important point, Mr. Chief Justice. We mention this in detail for a very specific reason. It has nothing to do with our theory of liability. It was us attempting to get in front of the inevitable preemption defense, which happened. These short selling cases get litigated and they get litigated in State court. A very significant one is on page 25 of the blue brief, note 8. It's in California State court, Overstock. In these cases, the largest defense that's asserted in State court is we complied with Reg Show. We complied with the Federal rules. So if State law gives you a remedy, it must be conflict preemptive. So they're not going to do that. Alito, well, along these lines, look at count 9, 100A of the appendix to the petition. Each defendant. Scalia, what page is that? Alito, 100A. Each defendant enterprise owed plaintiffs a duty of care in their capacity as gatekeepers of the market. Each defendant enterprise breached the duty of care that they owed to the plaintiffs to report suspicious transactions and naked short sales. Where does that come from? Doesn't that come right from Reg Show? Look, I'm not going to suggest, Justice Alito, that Reg Show isn't relevant as a background proposition. We're in a regulated market. So, of course, the landscape that exists is going to implicate Federal rules. The relevant question is, jurisdiction can't be sustained on a theory that we haven't advanced, right? Alito, that doesn't seem to be relying on Reg Show as a background proposition. You say that they breached a duty. This is a claim for negligence. It requires a breach of a duty. And you say the duty that they breached is a duty that's created by Reg Show. I would characterize it a little bit differently. Here's what I would say. I would say that if market manipulation requires that someone do something that injects inaccurate or artificial information into the market, that's the theory of a market manipulation claim, you're messing with natural supply and demand forces. Of course, any theory of market manipulation, including under State law, would have to reference and talk about the ground rules, because the ground rules that are set up by the SEC are what set up the market's normal expectations of traditional supply and demand forces. So it would really tie our hands to say that any time you talk about someone doing something that is inconsistent with the regulatory scheme, you can't bring a State law claim that is truly a State law claim, because if you're trying to allege that there's a market manipulation claim, that's not what it's saying. It's saying they breached the duty of care that they owed to the plaintiffs to report suspicious transactions of naked short sales. That's the allegation under negligence. What duty of care? A duty of care imposed by New Jersey law? What New Jersey law? Or is it a duty of care imposed by Show? It's a duty of care, Justice Breyer, imposed by New Jersey State law. Which State law? New Jersey Statute 49,3-49. It's found on pages 84a to 87a of the Petition Appendix. And what it does is, it's the section of 101 of the Uniform Securities Act that mirrors 10b-5. Breyer, and so the exact words there that the duty of care is referring to are what? I believe it says you can't engage in deceptive or manipulative conduct. What we attempted to do here, we may lose on this point in State court. Breyer, I have a bigger question that I can't get to, I can't figure out, so I would like your help. Let's go through this. Let's suppose, for present purposes, that as I read through your complaint, I find words, if not the words we just said, but similar words somewhere, and I think, but there is nothing under New Jersey law unless New Jersey picks up Show. All right? Why isn't that good enough on that matter to get them into Federal court in a rising under cases? Okay. So if we're out of the world and you've rejected my creation argument. I'm doing that for argument, because I'm really concerned about I can't clarify in my mind the difference between somebody being thrown out in an arising under case and yet getting back in under section 27. That's what doesn't make too much sense to me. If this is necessary, the Federal issue, is necessary for the plaintiffs to win, there is a rising under jurisdiction. Then I don't know what to do with the word exclusive. But all that seems not to be in the case. So then if it is not sufficient to get in under a rising under, why in heaven's name should it be to get in under 27? Well, I mean, obviously, I'm not going to resist, but what I would say is that. You're not going to resist my conclusion, but you see, it's – I need clarification because I'm not sure I've thought it through correctly. So here's my best attempt to clarify.  In other words, I think there's no theory that we've led that satisfies even their standard, but let me throw that away. Let me assume the best case for them, that we've relied on Federal duties and try and put it through the – the legal question that you've asked. I think one way to resolve this is to take the simple approach, which is what I advocated first, and to say, look, if it's just enforcing a State law cause of action, even if it incorporates Federal law, that's all 27 does and you're done. I understand the premise of your question is, let's say you've rejected that and we're thinking, you know what, maybe some State law claims fall within the sweep of Section 27. How do we think about this? Here's what I would say. I would say that whether this is an arising under statute or not, it has to incorporate what I'll call a Federal necessity requirement, because that's a longstanding rule that's part and parcel of the well-pleaded complaint rule. And if you look at Pan American, for example, let's say I accept what my friend Mr. Hacker says, that it's just dicta, they weren't saying it's an arising under statute. They apply – the Court applied the well-pleaded complaint rule without looking at the text of the statute at all. It's a sensible thing to say that when Federal jurisdiction over State law claims is predicated on the Federal character, there being a Federal issue, that we use the well-pleaded complaint rule. It's also similarly sensible that the well-pleaded complaint rule would have an adjunct, which is Federal necessity. And that's precisely what the Court said in Christensen, and I'll quote the Court. The well-pleaded complaint rule focuses on claims, not theories, and just because an element that's essential to a particular theory might be governed by Federal patent law does not mean the entire monopolization claim arises under patent law. Now, to the second half of your question, which is, well, how does that – how do they map together? Well, then the question becomes, how did we allegedly use this Federal duty? Do we use it in our RICO claim as one of several predicate acts? That's all that's ever been alleged until today. I was surprised to hear a suggestion that, well, I shouldn't say until today, until the briefing in this Court. In the lower courts, the suggestion was that we relied on a Federal duty because it was somehow being snuck in as an additional predicate of our RICO claim. I resist that claim. If you go and look at the pages, we allege the reason. Breyer, I'm getting something. And don't tell me I'm right if you think it favors you, because maybe it does favor you, but I've got – there will be other cases, you know, so sympathize a little with my problem. Okay. I'm looking for a way to see if we really have to answer all these difficult questions that have been raised, which are pretty tough. And so I was thinking, look, here's what you look to. Judge, see if it is a necessary thing, and if so, whether it falls under 1331. Okay? If it's an arising underclaim under 1331, kick it out of State court and send it to State court. But if it isn't an arising underclaim, because it isn't necessary to winning for the plaintiff, forget about it. Keep it in State court. I don't care whether it's a – don't worry about whether the State passed it this way or the State legislature referenced it by numbers or referenced it by – don't worry about all that stuff. Just decide one question. So does it meet the four criteria for arising under? If so, kick it out. If not, keep it. So, Justice Breyer, here are my thoughts on this. I think that the gravel of this case is that there is no arising under jurisdiction. Breyer, that's true. I'm not looking in this case, I'm looking for the general rule. Breyer, that's how I understood the question. And so as to the general rule, here are my thoughts. The 1331 still exists. 1331 is powerful and we can call it Jackson Pollock all we want, but it's been adopted, it exists, and it's applied by courts. So I think that there's a very small distinction between incorporating it here or not. There is a distinction, exclusivity versus non-exclusivity, I understand that. But my point is the simplest way out of this morass, I think, is to say we want a simple, administratable rule, and we only look to 27 to confer jurisdiction over Exchange Act-created claims. And we have as a backdrop 1331. Now, if you resist that, Justice Breyer, you don't like that, and you say, okay, well, what's the second best option? There's two, and I don't really need to advocate one as opposed to the other because we win under both, but I'll throw them out there. One is to say we don't have to call this an arising under statute. We don't have to reach the difficult question of, well, is that what Pan American was holding? Did Congress intend to incorporate 1331 wholesale and all of its elements? There's a simple way out, which is to say the notion of Federal necessity, this is the one question that you were saying, does not adhere in the words arising under. It adheres in the well-pleaded complaint rule, which is a backdrop presumption which should apply to any type of congressional grant of Federal jurisdiction over State law claims unless Congress says otherwise. So I think that's the second best option. You say, okay, it's not only a creation test. Section 27 can reach some State law-created claims, but they must be necessary. And there's a long jurisprudence of this Court, it's in the arising under context, of what it means to be necessary. And then you don't have the difficulty of trying to look to whether it's substantial, doing a Federalism balance. You would essentially assume if it's something that trigger — is triggered by an exclusive jurisdiction provision of the Exchange Act, it must be substantial, it must fit the Federalism balance. Kaganen Mr. Stris, I guess I don't understand why you are resisting just saying this language ought to be interpreted in the same way as arising under jurisdiction is interpreted. And it's true that there are different words, but it's at least as good an interpretation of these words that they essentially refer to what the arising under test refers to, which, after all, I mean, the arising under test doesn't really have a whole lot to do with the language arising under anymore. Stris No, that's true. Kaganen So why isn't that just sort of the simplest thing to do, is we have a test, it's a four-part test, and this language seems to fit that test pretty well, and that's what we should do, we should just have one test. Stris So, Justice Kagan, I won't resist too hard, because obviously we win under that outcome. I resist a little bit, and I'll tell you why. Certainly, I can defend that proposition, and we did in our briefing. There's a solid basis to do that. The Court interpreted materially identical language that way in Pan American. As we pointed out in our brief, Section 22 of the Securities Act, which uses materially identical language, then in the removal bar equates that language with arising under. I could defend that proposition. I just don't think it's the most natural reading of the language. If you're asking me honestly, like, what do I think Congress intended, I believe that they intended brought to enforce duties or liabilities created under the Act to mean the three narrow categories of Federally created causes of action in 1934. I think that's what this statute meant. I don't think Congress has done anything since then to change that. If you look to SLUSA in 1998, where there was this serious concern on the part of Congress of what was happening in terms of State law-created causes of action, the initial bill that was proposed would have preempted all State law-created causes of action. It didn't go very far. Instead, Congress said, no, we're going to restrict this to covered class actions. So if you're — if we're trying to find what I think is the most intellectually honest reading of the language and consistent with the history, I actually don't think it's adopting or rising under, but I certainly could defend it as a reasonable interpretation of the language and the context. So in light of SLUSA, the issue that's before us would apply only in individual actions and small class actions. That's exactly right. And I think maybe I'll close with this. I think that's very important from the perspective of just sensibility and policy, which is the following. One of the things that animated the Private Securities Litigation Reform Act was the concern that lawyers were driving litigation and not clients. And that's why, for example, one of the things that went into the PSLRA was a requirement of who the most appropriate plaintiff is. That doesn't happen when you have cases like this, when you have the CEO of a company who holds 2.1 million shares who's bringing a claim. And so not only was it not the point of Congress in 1933 and 1934 to invade the province of State courts, if we look at the entire history of purposes and Congress trying to say, well, we have some concerns about what State courts are doing, there has never been an expressed concern about State courts enforcing State law in individual actions like this one. For the Court to hold otherwise would be unprecedented, because you would be stripping State courts of the type of jurisdiction that they've had since the time of the Exchange Act. 10b of the Exchange Act itself was predicated on common law deceit and fraud and a whole history of what was occurring in State courts. And I just don't think there's any way to read Section 27 that's workable from the point of view of what the dual system of securities regulation is trying to do. And so if there are no further questions. Alito, just out of curiosity, why is it so important for your client not to be in Federal district court? So I think there's a few reasons. The first is his lawyers practice in State court. They're familiar with the procedures. That's where they want to be. The second is the procedures are better. I mean, it's not a surprise that a lot of securities plaintiffs want to be in State court. In some instances, they want to be there because the law is more robust. There's no Sienta requirement. You could bring a holder claim. That's actually not the case here, because New Jersey law happens to parallel, so we don't have those benefits. But we want to be able to take a RICO claim where we're trying to take a new area. These naked short-selling cases, they're new. You know, the Overstock case that's happened, you know, we would prefer a State forum for our State law-created claims to convince a State court that this is actionable and, you know, it should warrant punitive damages. And I think we have every right to do that as the master of our complaint. You said that you could prevail in this case without showing any violation of the show regulation. So could you explain how you could prevail even if you don't show a violation? Right. So I would put it slightly differently. If I said that, you know, I think that's imprecise. Any act of market manipulation in the context of naked short-selling will necessarily violate Regulation Show. But every violation of Regulation Show is not market manipulation. What Regulation Show does is it sets a floor, and if you engage in certain conduct, you short a stock, you haven't borrowed it, you have no reason to believe you've borrowed it, the SEC can fine you under statutes where there's no private right of action. That doesn't make out a market manipulation claim, Justice Ginsburg. To prove market manipulation, you have to go a step further. You have to show that that was done intentionally to try and depress the value of the stock. So the point I was trying to make is if there were an analog to our State law claim, it's not Reg Show, it's 10b-5. And the idea that you can't bring a parallel 10b-5 action in State court and have But they're essentially trying to do an end-run around that analysis by suggesting that somehow Reg Show is what we're trying to enforce. Reg Show is not relevant for that purpose. Reg Show doesn't help us. Even under Federal law, we wouldn't have a private right of action. Section 9d of the Exchange Act, there's no private right of action for that. Section 10a1 of the Exchange Act, these are the ones that deal with short-selling. No private right of action has to be 10b. Thank you, Counsel. Three minutes, Mr. Hacker. Mr. Chief Justice, and may it please the Court. The Respondent's argument has a problem with the language both of their own complaint and with the language of the statute. The complaint could not be clearer that while it's true there are references to market manipulation, what they're trying to establish is market manipulation by the mere fact that there were not locates that complied with Reg Show. That's what created what they call counterfeit shares. That in and of itself, forgetting intent, is also what diluted the shares and caused their problems. That's clear from paragraph 33, it's clear in paragraph 86 and 87. What they talk about are violations of the rules and regulations that caused them harm. They would also like to establish a market manipulation, I'm sure, if they could prove intent and all of that. But the whole point of the complaint here is to say, is to hope they can get in front of a jury and pursue the state torts that they are pursuing. It's perfectly clear in those paragraphs and through the rest of the complaint. I don't think there's any ambiguity whatsoever. Nor is there ambiguity in the plain text of the statute. The first argument they make is that it effectively incorporates the Holmesian view that it has to be a cause of action created by the Act itself. Section 27 answers that question. It doesn't say that jurisdiction is established for over causes of action established by the Exchange Act. That would have been the way that Congress would have said it. If they meant to say there is jurisdiction over causes of action established by the Act, Congress would have said that. It didn't say anything like that. What it said was very much essentially the opposite or something very different, which is suits brought to enforce duties prescribed by the act, created by the Act. It's about the substantive source of the source of the duty. Sotomayor, I'm sorry. I always thought violations had to do with criminal law. And the whole structure of this provision talks first in the first half of the first sentence, it talks about violations of the law. The second sentence parallels it, says criminal. The second half of the first sentence talks about all suits in equity and actions at law, or actions at law. I don't know that those are all civil actions. It's clearly talking about civil actions. And the reference to violation itself talks about suits and civil actions for violations. Sotomayor, it talks about criminal proceedings. Right. It encompasses, the language also encompasses criminal proceedings, but the references to suits brought to enforce liabilities or duties is unambiguously about civil proceedings, and the other side doesn't disagree with that. But let me turn to the last point, Justice Breyer's argument, and I think Justice Kagan's, that, well, maybe it's just the same thing as 1331. That, too, is contrary to the text of the statute, because 1331 has been construed and also doesn't have the textual requirement as having this necessity component precisely because if you don't have a necessity component, then you're taking away from State courts cases that State courts are competent to adjudicate. We know that Congress had literally the opposite premise here, that they didn't want State courts adjudicating, as Respondents' counsel conceded, a certain class of cases. What class of cases is that? The statute tells us the answer. It's those that are suits brought to enforce duties. For example, a RICO case with two predicate acts, one is a violation of Reg Show, one is a violation of State law. It is unambiguously clear that that is brought to enforce the duty prescribed by Reg Show, and in that circumstance, that kind of case, Congress wanted to proceed solely in Federal court. Roberts. Thank you, counsel. The case is submitted.